UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 13-027-DCR |
| ) | |
| V. ) | |
| ) | |
| CRYSTAL D. MILLS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Crystal D. Mills is serving a 48-month term of imprisonment following her guilty plea on January 3, 2014, to one charge of conspiracy to manufacture a mixture or substance containing methamphetamine. [Record Nos. 240, 352] This was a lesser included charge of the Superseding Indictment. [Record No. 352] Mills was one of thirteen defendants charged in the conspiracy. Mills admitted that she sold pseudoephedrine to co-Defendant Joseph Johnson for $50 per box on six or seven occasions between August 2009 and July 2011. This correlates to approximately 39 grams of pseudoephedrine. She further admitted that she knew that the pseudoephedrine was used to manufacture methamphetamine.

Mills sent a letter to the undersigned, which is construed as a motion, requesting reduction of her sentence under Amendment 782 to the United States Sentencing Guidelines

and 18 U.S.C. § 3582(c)(2), and requesting appointment of counsel.[1] After reviewing Mills' motion and documentation submitted, the Court declines to grant the relief requested.

Appointment of counsel and a hearing are not necessary to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. In this case, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Turning to the merits of the defendant's request, a reduction of Mills' sentence is unwarranted under the circumstances of the case. The issue presented is whether a sentence reduction would be warranted in light of the undisputed and all relevant statutory factors to be considered under 18 U.S.C. § 3553. This includes evaluation of the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance or

---

1   The Clerk of the Court will be directed to file this letter in the record.

responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Mills. In her letter, Mills outlines a number of positive developments since she was sentenced one year ago. In relevant part, Mills has taken the Court's advice to heart and obtained her GED, completed the third phase of the Residential Drug Abuse Program ("RDAP"), taken classes in keyboarding and re-entry, and attended job fairs. Mills reports that she has also benefitted from RDAP. Mills is commended for her efforts. However, these efforts do not overcome the Court's conclusion that the sentence imposed is the minimum term necessary to meet all relevant factors of § 3553.

Mills' Base Offense Level at the time of her sentencing was calculated to be 26. She them received a three-level reduction for acceptance of responsibility. Thus, her Total Offense Level was 23. Mills was assessed with two criminal history points for two charges of an unlawful transaction with a minor and a contempt of court charge, which resulted in a criminal history category of II. Her resulting non-binding guideline range was 51 to 63 months. At sentencing, however, the Court granted Mills' oral motion for a downward variance. A sentence of 48 months was determined to be sufficient, but not greater than necessary, to satisfy the factors and goals set forth in § 3553.

The Court's conclusion has not changed from that at sentencing. The Court awarded Mills a downward variance of approximately nine months below what would ordinarily be imposed as a result of the positive history and characteristics of the defendant. Mills was not eligible for the safety valve due to a conviction for contempt of court, although the

underlying criminal charge was subsequently dismissed by the state court and related to the offense of conviction in this case. A sentence of 48 months, followed by 48 months of supervised release, but no less, will provide sufficient deterrence. However, a lesser sentence would unduly diminish the seriousness of Mills' offense. Further, Mills criminal history included conviction of two counts of unlawful transactions with a minor, which demonstrates that she presented a danger to the community and poses a significant likelihood of reoffending notwithstanding the positive steps she has taken while incarcerated. A reduced sentence would fail to provide sufficient punishment under the circumstances of this case. Mills knowingly participated in a significant conspiracy that produced a large amount of methamphetamine which was distributed in the district. The Court has considered the high costs of incarceration, but finds that it does not outweigh the other considerations outlined above. In short, the Court again finds that a sentence of 48 months, no more and no less, is sufficient but not greater than necessary to attain the statutory goals and objectives outlined in § 3553.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.  The Clerk of Court shall **FILE** Defendant Crystal D. Mills' letter, dated April 20, 2015, which has been construed as a motion, in the record.

2.  That the motion to reduce the defendant's sentence and motion to appoint counsel are **DENIED**.

This 1st day of May, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge